<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> MATTHEW McKENNA, : <br> : <br> Defendant. : | Crim. A. No. 04-0176 (SRC) <br><br> **OPINION & ORDER** |

<u>**Chesler, U.S.D.J.**</u>

  This matter comes before the Court on Defendant Matthew McKenna's motion to reduce his monthly restitution payments [docket item 41], and the letter requesting an increase in Defendant's restitution payments submitted by Alan Franklin, a principal of the American Credit Alliance, Inc., and a victim in this matter [docket item 40]. The government has submitted a written response objecting to any modification of the restitution schedule while Defendant is still incarcerated. The Court has considered the written submissions of the parties pursuant to Federal Rule of Civil Procedure 78, and for the reasons set forth below, Defendant's motion and Mr. Franklin's request to modify the restitution payment schedule are both denied.

  Defendant is currently incarcerated. On August 29, 2005, after Defendant pled guilty to wire fraud and tax evasion, the Court sentenced Defendant to forty-one months imprisonment, followed by three years of supervised release. Defendant's projected release date is May 24, 2008. The Court also ordered Defendant to pay restitution in the amount of $592,034.50 to

American Credit Alliance.

The Mandatory Victim's Restitution Act ("MVRA") governs the order of restitution in this case. "The MVRA applies to sentencing proceedings in cases in which the defendant is convicted on or after April 24, 1996." *U.S. v. Coates*, 178 F.3d 681, 683 (3d Cir. 1999) (citing statutory notes to 18 U.S.C. § 3664); *see also* Section 211 of Pub.L. 104-132 (April 24, 1996). Defendant pled guilty on August 29, 2005, for criminal activity that occurred between 1999 and 2003. Therefore, the MVRA applies in this matter.

The MVRA requires that for certain enumerated offenses, including fraud against property in violation of Title 18 of the United States Code, the sentencing court must order the defendant to pay restitution to the victim in an amount equal to the actual loss suffered by the victim "without consideration of the economic circumstances of the defendant." 18 U.S.C. § 3663A; *U.S. v. Coates*, 178 F.3d at 683. "[A]fter ordering full restitution, the district court must set a payment schedule." *U.S. v. Crandon*, 173 F.3d 122, 127 n. 3 (3d Cir.1999). "In so doing, the court is required to consider the financial resources, projected earnings, and financial obligations of the defendant." *U.S. v. Coates*, 178 F.3d at 683; 18 U.S.C. § 3664(f)(2)(A)-(C). "A restitution order may direct the defendant to make a single, lump-sum payment, partial payments at specified intervals, in-kind payments, or a combination of payments at specified intervals and in-kind payments." 18 U.S.C. § 3664(f)(3)(A).

After a restitution order has been entered, the Court may adjust the payment schedule *sua sponte* or upon a motion by the defendant or a victim. 18 U.S.C. § 3664(k). However, adjustments should only be made upon "notification of a material change in the defendant's economic circumstances." *Id.*; see *U.S. v. Balter*, 164 Fed.Appx. 211, 213 (3d Cir. 2005).

As neither Defendant nor Mr. Franklin have presented any evidence to the Court demonstrating any change in Defendant's economic circumstances, the Court finds no basis upon which to alter the restitution schedule.  However, if at a later date, such as after Defendant's release from prison, the parties or the victim present evidence to the Court of a material change in Defendant's economic circumstances, the Court will entertain such a request.  Therefore,

**IT IS** on this 7th day of April 2008,

**ORDERED** that Defendant's motion to modify his restitution payments is **DENIED** without prejudice [docket item 41]; and it is further

**ORDERED** that Mr. Franklin's request to increase Defendant's restitution payments is **DENIED** without prejudice.  [Docket item 40].

    s/ Stanley R. Chesler
Stanley R. Chesler,
United States District Judge